STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>REALTY ONE GROUP, INC., a Nevada corporation; DAVID TINA, an individual; and MICHAEL J. NELSON, an individual,<br><br>Defendants. | Case No.: 2:10-cv-1036<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Realty One Group, Inc. ("Realty One"), David Tina ("Mr. Tina"), and Michael J. Nelson ("Mr. Nelson"; collectively with Realty One and Mr. Tina known herein as the "Defendants") on information and belief:

### NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

1

## PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Realty One is, and has been at all times relevant to this lawsuit, a Nevada corporation.

5. Mr. Tina is, and has been at all times relevant to this lawsuit, a resident of Nevada.

6. Mr. Nelson is, and has been at all times relevant to this lawsuit, a resident of Nevada.

7. Mr. Tina is, and has been at all times relevant to this lawsuit, a licensed real estate broker in Nevada.

8. Mr. Tina is, and has been at all times relevant to this lawsuit, identified as the "Corporate Broker at Realty One Group," as evidenced by Mr. Tina's LinkedIn webpage, attached hereto as Exhibit 1.

9. Mr. Nelson is, and has been at all times relevant to this lawsuit, a licensed real estate agent in Nevada.

10. Mr. Nelson is, and has been at all times relevant to this lawsuit, a real estate agent engaged by Realty One.

11. Mr. Nelson is, and has been at all times relevant to this lawsuit, subject to the supervision and control of Mr. Tina, within the scope of Mr. Nelson's duties as an agent of Realty One.

12. Mr. Nelson, at all times relevant to this lawsuit, has operated and controlled, and continues to operate and control, a blog forum at the Internet domain <featuredblog.com> (the "Domain"), for the benefit of Realty One and under the supervision of Mr. Tina.

13. Mr. Nelson is, and has been at all times relevant to this lawsuit, identified as the author of the blog forum found at www.michaeljnelson.featuredblog.com (the content accessible

through the Domain and the Domain itself, collectively known herein as the "Website"), by the Website.

14. Mr. Nelson, at all times relevant to this lawsuit, has maintained and continues to maintain the Website, pursuant to, and in furtherance of Mr. Nelson's engagement as a real estate agent of Realty One.

## JURISDICTION

15. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

16. Righthaven is the owner of the copyright in the literary work entitled: "Program may level housing sale odds" (the "Work"), attached hereto as Exhibit 2.

17. The Defendants willfully copied, on an unauthorized basis, a significant and substantial portion of the Work from a source emanating from Nevada.

18. At all times relevant to this lawsuit, the Work depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

19. On or about May 10, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 3, on the website.

20. At all times relevant to this lawsuit, the Defendants knew that the Work was originally published in the Las Vegas *Review-Journal*.

21. The subject matter, at least in part, of both the Work and the Infringement, is a Fannie Mae program named "First Start," scheduled to be initiated in Nevada.

22. At all times relevant to this lawsuit, the Defendants knew that the Infringement was and is of specific interest to Las Vegas, Nevada residents.

23. The Defendants' display of the Infringement was and is purposefully directed at Nevada residents.

24.     The Defendants willfully copied, on an unauthorized basis, the literary work entitled: "Las Vegas property values at 2000 levels," attached hereto as Exhibit 4 (the "Las Vegas Property Article"), from a source emanating from Nevada.

25.     On or about April 26, 2010, the Defendants displayed, and continue to display, the Las Vegas Property Article on the Website.

26.     The Defendants' display of the Las Vegas Property Article was and is purposefully directed at Nevada residents.

27.     The Defendants willfully copied, on an unauthorized basis, the literary work entitled: "More can qualify for homeownership in Las Vegas," attached hereto as Exhibit 5 (the "Homeownership Article"), from a source emanating from Nevada.

28.     On or about May 10, 2010, the Defendants displayed, and continue to display, the Homeownership Article on the Website.

29.     The Defendants' display of the Homeownership Article was and is purposefully directed at Nevada residents.

30.     The Defendants purposefully direct and effectuate the unauthorized reproduction of Righthaven-owned copyrighted works on the Website.

31.     The Defendants purposefully direct activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

## **VENUE**

32.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

33.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(3) and § 1400(a), because Mr. Nelson may be found in Nevada.

34. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(c), because Realty One is subject to personal jurisdiction in Nevada.

## **FACTS**

35. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

36. Righthaven is the owner of the copyright in and to the Work.

37. The Work was originally published on April 30, 2010.

38. On June 8, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007151822 (the "Registration") and attached hereto as Exhibit 6 is evidence of the Registration from the official USCO database record depicting the occurrence of the Registration.

39. On or about May 10, 2010, the Defendants displayed, and continue to display, the Infringement on the Website.

40. The Defendants replaced the Work's original title: "Program may level housing sale odds," with a new title: "Owner-occupants will get first shot at buying foreclosures."

41. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

42. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## **CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT**

43. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 42 above.

44. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

45. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

46. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

47. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

48. The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

49. The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

50. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

51. The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

52. Realty One has willfully engaged in the copyright infringement of the Work.

53. Mr. Tina has willfully engaged in the copyright infringement of the Work.

54. Mr. Nelson has willfully engaged in the copyright infringement of the Work.

55. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

56. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

   a. All evidence and documentation relating in any way the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

   b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

   c. All financial evidence and documentation relating to the Defendants' use of the Work;

3. Direct Tierranet, Inc. and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7. Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this twenty-fifth day of June, 2010.

        RIGHTHAVEN LLC

        By: /s/ J. Charles Coons
        STEVEN A. GIBSON, ESQ.
        Nevada Bar No. 6656
        J. CHARLES COONS, ESQ.
        Nevada Bar No. 10553
        JOSEPH C. CHU, ESQ.
        Nevada Bar No. 11082
        9960 West Cheyenne Avenue, Suite 210
        Las Vegas, Nevada 89129-7701
        Attorneys for Plaintiff