UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RIGHTHAVEN LLC,

    Plaintiff,

v.

REALTY ONE GROUP, INC., et al.,

    Defendants.

2:10-cv-1036-LRH-PAL

ORDER

    Before the court is defendant Michael Nelson's ("Nelson") motion to dismiss filed on July 29, 2010. Doc. #11.[1] Plaintiff Righthaven LLC ("Righthaven") filed an opposition (Doc. #12) to which Nelson replied (Doc. #14).

**I.    Facts and Procedural History**

    Nelson is a duly licensed realtor in the State of Nevada. He also operates an internet blog at www.michaeljnelson.featuredblog.com which provides information related to home ownership in Las Vegas, Nevada. On or around May 10, 2010, Nelson displayed an unauthorized copy of a news story entitled "Program may level housing sale odds" (hereinafter referred to as "the Work") which was published in the Las Vegas Review Journal ("Review Journal") on April 30, 2010. The article contained both factual information about a new federal housing program and the reporter's

---

[1] Refers to the court's docket number.

commentary on the possible effects the program could have on the Las Vegas housing market.

On May 25, 2010, after Nelson displayed the Work, plaintiff Righthaven obtained a transfer of rights for the Work from the Review Journal. Righthaven then filed for and received a copyright registration for the Work on June 8, 2010. Subsequently, on June 25, 2010, Righthaven filed a complaint against defendants alleging a single cause of action for copyright infringement pursuant to 17 U.S.C. § 501. Doc. #1.

Thereafter, Nelson filed the present motion to dismiss. Doc. #11.

**II.    Legal Standard**

In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in a plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). However, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels, conclusions, and a formulaic recitation of the elements of the cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

///

2

**III.   Discussion**

Righthaven argues that Nelson infringed its copyright by reproducing the Work without authorization. In response, Nelson argues that his use is protected by the Fair Use doctrine.

The Fair Use doctrine states in pertinent part that "the fair use of a copyrighted work, . . . for purposes such as criticism, comment, [or] news reporting . . . is not an infringement of copyright." 17 U.S.C. § 107. In determining if an alleged infringement is a fair use of the copyright, district courts consider several factors including: (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work. 17 U.S.C. § 107; *see also A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001).

**A.   Purpose and Character of the Use**

The court finds that the purpose and character of Nelson's blog is both commercial and educational in nature. His blog on the Las Vegas housing market is designed to provide important information to potential and current homeowners and provide recent developments in the industry as well as Nelson's opinion on the state of the market as whole. However, the underlying purpose of providing this information is to create business for himself as a duly licensed realtor operating in that market. Thus, although Nelson's blog gathers varied information and provides it to the public free of charge, the purpose of providing that information is commercial in nature. Therefore, the court finds that this factor weighs against the fair use of the copyrighted information.

**B.   Nature of the Work**

The nature of the Work is split between factual news reporting and reporter commentary. The portion copied by Nelson contains factual news reporting about a new federal housing program which supports Nelson's fair use of the copyrighted information. *See e.g., Los Angeles*

3

*News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924 (9th Cir. 2002) (re-publication of a video depicting a news report was a fair use because it was informational rather than creative).

### C.  Amount of Copyrighted Work Used

In his blog, Nelson reproduced only the first eight sentences of a thirty sentence news article. The court finds that this use weighs in favor of a fair use of the copyrighted material. *See e.g, CBS Broadcasting, Inc.*, 305 F.3d at 941 (copying only as much as necessary in a greater work to provide relevant factual information weighs in favor of fair use).

### D.  Effect on Potential Market for Copyrighted Work

The court finds that Nelson's use of the copyrighted material is likely to have little to no effect on the market for the copyrighted news article. Nelson's copied portion of the Work did not contain the author's commentary. As such, his use does not satisfy a reader's desire to view and read the article in its entirety the author's original commentary and thereby does not dilute the market for the copyrighted work. Additionally, Nelson directed readers of his blog to the full text of the Work. Therefore, Nelson's use supports a finding of fair use.

After reviewing Nelson's use of the copyrighted material, the court finds that Nelson's use falls within the Fair Use doctrine. Accordingly, Nelson did not infringe Righthaven's copyright as a matter of law and the court shall grant Nelson's motion.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #11) is GRANTED. Defendant Michael Nelson is DISMISSED as a defendant in this action.

IT IS SO ORDERED.

DATED this 18th day of October 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE