1  Elizabeth A. Skane
   Nevada Bar No. 7181
2  eskane@skanewilcox.com
   SKANE WILCOX LLP
3  1120 Town Center Drive, Suite 200
   Las Vegas, NV 89144
4  (702) 363-2535; Fax (702) 363-2534

5  Attorneys for Defendant REALTY ONE GROUP, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                        DISTRICT OF NEVADA

10 RIGHTHAVEN LLC, a Nevada limited ) Case No.: 2:10-cv-01036-LRH-PAL
   liability company                )
11                                   ) Assigned For All Purposes To:
           Plaintiff,                ) Hon. Judge Larry R. Hicks
12                                   )
   v.                                ) Courtroom:
13                                   )
   REALTY ONE GROUP, INC., a         ) DEFENDANT REALTY ONE
14 Nevada corporation; DAVID TINA, an) GROUP, INC.'S MOTION TO SET
   individual; and MICHAEL J. NELSON,) ASIDE DEFAULT
15 an individual,                    )
                                     )
16         Defendants.               ) Complaint Filed: **06/10/2010**
                                     )
17 ─────────────────────────────────

18      TO:   PLAINTIFF AND ITS ATTORNEYS OF RECORD

19      PLEASE TAKE NOTICE that on _____ at _____, 2011, or as soon

20 thereafter as the matter may be heard, in Courtroom____ of the above-entitled

21 Court, located at 333 Las Vegas Blvd. South, Las Vegas, Nevada 89101,

22 Defendant REALTY ONE GROUP, INC., a Nevada corporation, by and through

23 its attorneys of record, Skane Wilcox, LLP, hereby moves the Court to set aside the

24 Clerk's entry of default dated on or about October 6, 2010, pursuant to Rule 55(c)

25 of the Federal Rules of Civil Procedure.  This motion is brought on the ground

26 good cause exists for setting aside the default in that the default was entered as a

27 result of this moving defendant's mistake, surprise or excusable neglect; defendant

28

1  has not been guilty of any culpable conduct; defendant has meritorious defenses to
2  the action; and plaintiff will not be prejudiced if the default is set aside.
3  This motion is made and based upon this notice, the accompanying memorandum
4  of points and authorities, and the declarations of Richard Tobler, Esq. and Natasha
5  Shpirt submitted herewith, the pleadings, papers, and records on file with the Court
6  in this action, and on such oral and documentary evidence as may be presented at
7  the hearing of said motion.

SKANE WILCOX, LLP

December 28, 2010        By: _____
Elizabeth A. Skane (Nevada Bar No. 7181)
eskane@skanewilcox.com
SKANE WILCOX LLP
1120 Town Center Drive, Suite 200
Las Vegas, NV 89144
(702) 363-2535; Fax (702) 363-2534
Attorneys for Defendant REALTY ONE GROUP, INC

///
///
///
///
///
///
///
///
///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## STATEMENT OF FACTS

On June 25, 2010, Plaintiff Righthaven, LLC ("Righthaven") filed its Complaint for copyright infringement against Realty Once Group, Inc. ("Realty One"), David Tina and Michael J. Nelson. (Court's Docket # 1.) Plaintiff alleges Michael J. Nelson is a licensed real estate agent in the State of Nevada "engaged" by Realty One. (Complaint, page 2, paragraphs 9-10, lines 17-20.) Plaintiff alleges Mr. Nelson operates a blog for the benefit of Realty One. (Complaint, page 2, paragraph 12, lines 24-26.) Plaintiff is the owner of certain copyrighted material. (Complaint, page 3, paragraph 16, lines 10-11.) The material originally appeared in the Las Vegas *Review - Journal*. (Complaint, page 3, paragraph 18, lines 14-15.) Plaintiff alleges defendants, including Realty One, wrongfully published its copyrighted article. (Complaint, page 3, paragraph 19, lines 16-18.)

Righthaven filed an Affidavit of Service attesting that Realty One was served with the summons and complaint through its registered agent, CSC Services of Nevada, Inc., on or about June 30, 2010. (Doc # 10.) Realty One learned that Plaintiff was contending Realty One had been served with the Summons and Complaint. Realty One immediately investigated and learned that Plaintiff served its registered agent, CSC Services of Nevada, Inc. ("CSC"). CSC contended it notified Realty One of the service by sending an e-mail to Realty One's employee, Natasha Shpirt. Ms. Shpirt checked her e-mail in-box and discovered she did <u>not</u> have any e-mail messages from CSC on June 30, 2010, or at any other time, regarding this lawsuit.

Therefore, Realty One never had notice that it had been served with the Summons and Complaint prior to the time the default was entered. Had Realty One had such notice, it would have timely filed a responsive pleading.

1  The Clerk entered default against Realty One on or about October 6, 2010.
2  (Doc # 16.)
3  Realty One therefore brings this motion to set aside the default so that it may
4  then proceed with a motion to dismiss. This Court dismissed the action against
5  defendant Michael J. Nelson on or about October 19, 2010 on the ground Mr.
6  Nelson's use of the copyrighted article constituted "fair use" under 17 United
7  Stated Code (U.S.C.) Section 107. (Doc # 17.) The Court concluded: "After
8  reviewing Nelson's use of the copyrighted material, the court finds that Nelson's
9  use falls within the Fair Use doctrine. Accordingly, Nelson did not infringe
10 Righthaven's copyright as a matter of law and the court shall grant Nelson's
11 motion." (Id.)
12 The only alleged publication of the copyrighted material was on Mr.
13 Nelson's blog. Since the action has been dismissed against Mr. Nelson, there is no
14 basis for a finding of liability against Realty One and Realty One is also entitled to
15 a dismissal.

## II

## GOOD CAUSE EXISTS FOR SETTING ASIDE THE DEFAULT

18 Under Federal Rule of Civil Procedure 55(c), the Court "may set aside an
19 entry of default for good cause. . . ." The "good cause" standard enunciated in
20 Rule 55(c) is identical to that governing a default judgment under Rule 60(b).
21 (*Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925
22 (9th Cir. 2004) ("*Franchise Holding*"); *TCI Group Life Ins. Plan v. Knoebber*, 244
23 F.3d 691, 696 (9th Cir. 2001) ("*TCI Group*").) Federal Rule of Civil Procedure
24 60(b) states in part: "On motion and upon such terms as are just, the court may
25 relieve a party or a party's legal representative from a final judgment, order, or
26 proceeding for the following reasons: (1) mistake, inadvertence, surprise, or
27 excusable neglect." "Good cause" is typically enough to demonstrate "excusable
28 neglect." (*Franchise Holding, supra*, 375 F.3d at 927.)

The Court has broad discretion in setting aside an entry of default. See, for example, *Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) [The "district court's discretion is 'especially broad' when . . . it is entry of default that is being set aside, rather than a default judgment."] Further, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." (*Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010).)

The Court will consider three factors when determining whether a defendant has established good cause: (1) whether defendant's culpable conduct led to the default; (2) whether defendant has a meritorious defense; and (3) whether lifting the default would prejudice the plaintiff. (*Franchise Holding*, supra, 375 F.3d at 926.) "Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." (*Mendoza v. Wright Vineyard Management*, 783 F.2d 941, 945-946 (9th Cir. 1986.).

A. <u>Realty One Did Not Engage in Culpable Conduct.</u>

A defendant's conduct is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." (*Employee Painters' Trust v. Ethan Enterprises, Inc.*, 480 F.3d 993, 1000 (9th Cir. 2007), quoting *TCI Group*, supra, 244 F.3d at 698). As this court has previously explained:

> The Court finds that Defendants' conduct does not qualify as "culpable." Under this prong, where a defendant has received actual or constructive notice that suit has been filed and has intentionally failed to answer, a court may find that there has been culpable conduct leading to the default. *See id.* at 697. In this context, "intentional" means that the defendant acted wilfully, deliberately, or in bad faith. *Id.* Where a

> defendant negligently failed to answer, but then offers a "good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process," a court will find that the defendant has not acted intentionally. *Id.* Culpable conduct involves "not simply nonappearance following receipt of notice of the action, but rather conduct which hindered judicial proceedings." *Id.* at 698.

*Ernestberg v. Mortgage Investors Group*, No. 2:08-cv-01304-RCJ-RJJ, 2009 WL 160241, at *2 (D. Nev. Jan. 22, 2009).

Realty One did not deviously, deliberately, willfully, or in bad faith fail to respond. There was simply an error in the electronic transmission between the registered agent, CSC, and Realty One so that Realty One never received notice that it had been served with the Summons and Complaint. Once Realty One learned that Righthaven claimed service had been effected, its corporate counsel promptly investigated and retained litigation counsel to file the instant motion. Realty One has a credible, good faith explanation as to why it did not timely respond to the Complaint. At most, Realty One's failure to answer is neglectful, not intentional, and neglectful conduct is not culpable. Therefore, this factor weighs in favor of setting aside the default against Realty One.

B. <u>Realty One Has Meritorious Defenses</u>.

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." (*TCI Group, supra*, 244 F.3d at 700.) All that is necessary to satisfy the meritorious defense requirement is "to allege sufficient facts that, if true, would constitute a defense: the question whether the factual allegation is true is not to be determined by the court when it decides the

motion to set aside the default." (*Id.*) Realty One has at least three meritorious defenses to Plaintiff's claims:

1. <u>Fair Use</u>.

This Court dismissed the action against Michael J. Nelson on or about October 19, 2010 on the ground Mr. Nelson's use of the copyrighted article constituted "fair use" under 17 U.S.C. § 107. (Doc # 17.) The only alleged publication of the copyrighted material was on Mr. Nelson's blog. Since the action has been dismissed against Mr. Nelson, there is no basis for a finding of liability against Realty One and Realty One is also entitled to a dismissal. Realty One is only a defendant because Plaintiff alleges Mr. Nelson is Realty One's agent and Mr. Nelson allegedly maintained his blog, where the article was published, for the benefit of Realty One. (Complaint, page 2, paragraph 12, lines 24-26.)

Fair use of a copyrighted work is a valid defense to an allegation of infringement of copyright under the Copyright Act. (17 U.S.C. § 107.) The Fair Use doctrine states in pertinent part that "the fair use of a copyrighted work, . . . for purposes such as criticism, comment, [or] news reporting . . . is not an infringement of copyright." (*Ibid.*)

Courts will consider four different factors in determining whether the affirmative defense applies:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work.

(*A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014 (9th Cir. 2001); *Field v. Google Inc.*, 412 F. Supp. 2d 1106, 1117 (D. Nev. 2006).)

If the copyrighted work is primarily informational, it is more likely to fall within the realm of fair use. (*Los Angeles News Service v. Reuters Television Int'l Ltd.*, 149 F.3d 987, 994 (9th Cir. 1998). "The scope of fair use is greater when 'informational' as opposed to more 'creative' works are involved." (*Hustler Magazine Inc. v. Moral Majority Inc.*, 796 F.2d 1148, 1153-1154 (9th Cir. 1986).) "The law generally recognizes a greater need to disseminate factual works than works of fiction or fantasy." (*Harper & Row Publishers, Inc. v. National Enterprises* (1985) 471 U.S. 539, 563.)

The alleged copyrighted work at issue in this case is an article containing newsworthy factual information appearing in a newspaper made available to the world at large on the Las Vegas Review-Journal's web site. The article does not contain any fictional material and is not based on fantasy. A party may properly re-publish news reports. See, for example, *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 938-942 (9th Cir. 2002) (re-publication of a video depicting a news report was a fair use because it was informational rather than creative).

Realty One is therefore entitled to fair use of the article. Such fair use could not have any effect on the value of the article to Plaintiff since the article is available for free to everyone who can access the internet.

2. Implied License.

Plaintiff alleges Realty One's employee, Mr. Nelson, published on his blog an article originally published in the Las Vegas Review-Journal. Realty One can potentially establish an implied license defense. The Las Vegas Review-Journal was the original owner of the copyrighted article at issue and offered the

article to the world for free when it was originally published on the web site. The Review-Journal encouraged people to save links to the work or to send links to the work to others anywhere in the world at no cost and without restriction. (See Exhibit "2" to the Complaint.) The Review-Journal web site also enables third parties to "right click" and copy the text of articles on the site.

An implied license is a defense to a claim of copyright infringement. (*Field v. Google, Inc.*, supra, 412 F. Supp.2d at 1115.) "An implied license can be found where the copyright holder engages in conduct from which the other party may properly infer that the owner consents to his use." (*Id.* at 1116.) Accordingly, based on this implied license, the allegedly infringing copy was, in fact, authorized by the Review-Journal and cannot constitute an infringement.[1]

### 3. Any Infringement Was De Minimis.

"The de minimis doctrine essentially provides that where unauthorized copying is sufficiently trivial, 'the law will not impose legal consequences.'" (*On Davis v. The Gap, Inc.*, 246 F.3d 152, 172 (2d Cir. 2001).) "The *de minimis* doctrine is rarely discussed in copyright opinions because suits are rarely brought over trivial instances of copying...Trivial copying is a significant part of modern life." (*Id.* at 173.) Also see, *Ringgold v. Black Entertainment Television, Inc.*, 126 F.3d 70, 74 (2d Cir. 1997) ("de minimis in the copyright context can mean...a technical violation of a right so trivial that the law will not impose legal consequences.")

The alleged copyrighted work that forms the basis of this suit was, and still is, available for free on the Las Vegas Review-Journal's web site. Plaintiff has suffered

---

[1] On or about September 17, 2010, in a similar case entitled Righthaven, LLC v. Jan Klerks, et al., Case No. 2:10-cv-00741-GMN-LRL, this Court, by the Honorable Gloria M. Navarro, granted defendant's motion to set aside a default on the ground the "implied license" was perhaps defendant's "most meritorious defense." See Court's Order of September 17, 2010, page 7, lines 4-5.

no harm and has incurred no damages. The allegedly infringing copy has no plausible effect on the market for the copyrighted work.

### C. Plaintiff Will Not Be Prejudiced if the Court Sets Aside the Default.

Prejudice to plaintiff turns on "whether plaintiff's ability to pursue his claim will be hindered." (*Falk v. Allen*, supra, 739 F.2d 461, 463.) "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." (*TCI Group*, supra, 244 F.3d at 701.) "There is no prejudice where a party suffers the loss of a quick victory due to an opponent's procedural default and must resort to litigating on the merits." (*Arrow Electronics, Inc. v. Night Operations Sys., Inc*, No. 3:10-cv-00175-ECR-VPC, 2010 WL 3119337, at *3 (D. Nev. Aug. 6, 2010).)

Plaintiff will not be prejudiced if the Court sets aside the default. Instead, Plaintiff will be required to litigate the case on its merits, which is the strong policy of this Court.

There is a web site available to the public entitled "Righthaven Lawsuits" at www.righthavenlawsuits.com. The web site shows that as of December 8, 2010, Plaintiff has filed 181 lawsuits in this Court. Realty One is informed and believes that most of these lawsuits are similar to the one currently before the Court and involve copyright infringement claims. Allowing one more such lawsuit to proceed will not prejudice Righthaven. Therefore, this factor also favors setting aside the default.

## III

## CONCLUSION

Realty One has met the three prerequisites to setting aside the default entered against it. Realty One is not guilty of culpable conduct, it has meritorious defenses on the merits and Plaintiff will not be prejudiced if the default is set aside. Realty

One has therefore shown good cause under Rule 55(c) of the Federal Rules of Civil Procedure. Realty One therefore respectfully requests the Court to grant its motion and allow Realty One to defend this lawsuit on the merits.

Dated: December 27, 2010   SKANE WILCOX LLP

By: _____
Elizabeth A. Skane (Nevada Bar No. 7181)
eskane@skanewilcox.com
SKANE WILCOX LLP
1120 Town Center Drive, Suite 200
Las Vegas, NV 89144
(702) 363-2535; Fax (702) 363-2534
Attorneys for Defendant REALTY ONE GROUP, INC

F:\Docs\CLIENTS\1684\plead\00061650.DOC